IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 1:2017bk72345 |
| Solid Estate Investments, LLC, | : | CHAPTER 11 |
| Debtor. | : | |
| | : | |
| GOLDEN HARVEST REALTY, LLC, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| SOLID ESTATE INVESTMENTS, LLC, | : | |
| Respondent. | : | |

# GOLDEN HARVEST REALTY, LLC'S
# MOTION FOR RELIEF FROM STAY

COMES NOW Counsel for Robert Tsai, managing member of Silver Harvest Realty, LLC, and shows this Court as follows:

(1)

This motion is pursuant to §362 (d) of the Bankruptcy Code to modify the automatic stay effected by the filing of the above stated debtor's petition under Chapter 11 of the Bankruptcy Code in this Division of this District on December 30, 2017, in order that movant may foreclose on its security interest in certain properties.

[1]

(2)

The jurisdiction of this court is founded in 28 U.S.C. § 1334(b).

(3)

The debtor has had a material default in the confirmed plan by failing to pay current liabilities as they come due. Further, the debtor has shown that he will not be able to make all payments under the plan and comply with the plan, as shown by Debtor's inability to pay current liabilities and expenses as they come due. To wit,

a) Debtor has not kept the mortgage current on the following property having three months or more, which also serves as security for the objecting Creditor, 1010 Tahoe Trail in DeKalb County, Georgia,

b) Debtor did not pay the 2016 or 2017 taxes on the property, resulting in tax liens superior to Movant's interest.

c) Debtor has refused to pay escrow payment of insurance this property.

d) Movant, as the creditor, has been forced to pay the 2016 and 2017 taxes on the property, so as to cancel the tax liens of record and any impending tax sale. See attached Exhibit "A".

e) Debtor has an escrow deficiency from 2018 taxes, which Movant has paid. See attached Exhibit "B".

(4)

Movant attempted to accelerate and foreclose on each property based on numerous acts of default before the filing of the petition. See attached Exhibit "C".

(5)

Said Debtor has continued, and is now, in possession of said property.

(6)

The movant is the holder of a secured claim against the debtor in the principal amount of $106,400.00.

(7)

The Movant has a valid perfected security interest in the above-stated property to secure indebtedness remaining on the purchase price of said property, all of which is shown by Deed to Secure Debt, a true and correct copy of which are attached hereto as Exhibit "E".

(8)

The secured amount for this claim as stated in the individual Proof of Claim filed for the property at 1010 Tahoe Trail is $121,055.30.

(9)

The current amount owed for the claim for 1010 Tahoe Trail, including updated attorney's fees and 2018 taxes for the property is 124,467.35.

(10)

The Movant is not afforded adequate protection of its security interest in the above-stated properties, in that they may be subject to future tax sales.

(11)

Because the Security Deed provides that the Debtor is responsible for Movant's attorney's fees in pursuing legal actions such as this, Movant is entitled to reasonable attorney's fees from the Debtor under 11 U.S.C. §506(b).

Wherefore, Movant moves this Court to:

a) Schedule a hearing on this motion within 30 days as is required under 11 U.S.C. § 362(e);

b) Find that Debtor has failed to a file plan and has been continuously unable to pay current obligations as they come due.

c) Find that sufficient cause exists to lift the automatic stay under 11 U.S.C. § 362 (d);

d) Enter an Order lifting the automatic stay and therein permit Movant to proceed against the property under state law; and

e) Grant such other and further relief as is appropriate.

    Respectfully submitted,

    LEON VAN GELDEREN, P.C.
*Attorney for Golden Harvest Realty, LLC*

    _____
    Leon Van Gelderen
    Georgia Bar No. 723460

Suite 300
2300 Henderson Mill Road
Atlanta, GA  30345
Telephone (770) 392-9006
Facsimile (770) 293-2090
lvgpc@lvglaw.com

[4]

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties listed below with a true and correct copy of the **Golden Harvest Realty, LLC's Motion for Relief from Stay** by electronic notice or by placing the same in the United States Mail in a properly addressed envelope, having sufficient postage thereon to assure delivery, addressed as follows:

> Howard Slomka, Esq.
> Slipakoff & Slomka, PC
> Overlook III, Suite 1700
> 2859 Paces Ferry Road, SE
> Atlanta, GA 30339

This __25th__ day of October 2018.

Leon Van Gelderen
Georgia Bar No. 723460

LEON VAN GELDEREN, P.C.
*Attorney for Silver Harvest Realty, LLC
and Golden Harvest Realty, LLC*
Suite 300
2300 Henderson Mill Road
Atlanta, GA 30345
Telephone (770) 392-9006
Facsimile (770) 293-2090
lvgpc@lvglaw.com

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2018 MAR 26  PM 2:23

RICHARD ALEXANDER, CLERK

GED

BK 05062PG0153

BOOK **5019** PAGE **187**

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2018 FEB -1  AM 8:00

RICHARD ALEXANDER, CLERK

**gwinnett**county
tax commissioner's office

**Richard Steele**
**Tax Commissioner**

SATISFIED AND CANCELLED ON THE RECORD
THIS 26 DAY OF march 2018
_____
DEPUTY CLERK GWINNETT SUPERIOR COURT

GWINNETT COUNTY TAX FI. FA.
STATE OF GEORGIA
COUNTY OF GWINNETT

VERSUS

SOLID ESTATE INVESTMENTS LLC
574 HARALSON DR SW
LILBURN, GA 30047-5377
And
1010 TAHOE TRL

| Year | Parcel No. | Tax Amount | Property Description |
|------|-----------|------------|----------------------|
| 2017 | R6173 059 | $1892.77   | L12 BA INDIAN SPRINGS #4 |

TO ALL AND SINGULAR SHERIFFS, DEPUTY SHERIFFS AND CONSTABLES OF SAID COUNTY:

You are commanded that of the goods, chattels, lands and tenements of stated taxpayer, you make levy and sales thereof the sum listed above for state, county, city and school tax for the year stated above with interest, from the date at the highest legal rate provided by law, per annum from said date, provided that the minimum interest payment of such unpaid taxes shall be one dollar and legally provided costs and you are hereby required to return this writ to me with your actings and doings thereon and the sum aforesaid within the time prescribed by law, herein fail not.

This the 1st day of February, 2018

Richard Steele, Tax Commissioner
Lawrenceville, Georgia 30046-372
Ex-Officio Sheriff, Gwinnett County, Georgia

This debt paid satisfied and ordered cancelled

MAR 2 6 2018

GWINNETT COUNTY TAX COMMISSIONER

**007585**

016042

EXHIBIT "A"

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2017 JAN 19 AM 8:00

RICHARD ALEXANDER, CLERK

GED

BK 0 5 0 6 2 PG 0 0 6 0

BOOK **4784** PAGE **296**

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2018 MAR 26 PM 2:11

RICHARD ALEXANDER, CLERK

**gwinnett**county
tax commissioner's office

**Richard Steele
Tax Commissioner**

SATISFIED AND CANCELLED ON THE RECORD
THIS 26 DAY OF march, 2018
_____ Pat McNeil _____
DEPUTY CLERK GWINNETT SUPERIOR COURT

GWINNETT COUNTY TAX FI. FA.
STATE OF GEORGIA
COUNTY OF GWINNETT

VERSUS

GOLDEN HARVEST REALTY  LLC
1103 PROMONTORY DR
MARIETTA, GA 30062-2987
And
1010 TAHOE TRL

| Year | Parcel No. | Tax Amount | Property Description |
|------|------------|------------|----------------------|
| 2016 | R6173 059  | $2011.66   | L12 BA INDIAN SPRINGS #4 |

TO ALL AND SINGULAR SHERIFFS, DEPUTY SHERIFFS AND CONSTABLES OF SAID COUNTY:

You are commanded that of the goods, chattels, lands and tenements of stated taxpayer, you make levy and sales thereof the sum listed above for state, county, city and school tax for the year stated above with interest, from the date at the highest legal rate provided by law, per annum from said date, provided that the minimum interest payment of such unpaid taxes shall be one dollar and legally provided costs and you are hereby required to return this writ to me with your actings and doings thereon and the sum aforesaid within the time prescribed by law, herein fail not.

This the  19th  day of  January, 2017

_/s/ R.L. Steele_

This debt paid satisfied and ordered cancelled

Richard Steele, Tax Commissioner
Lawrenceville, Georgia 30046-372
Ex-Officio Sheriff, Gwinnett County, Georgia

MAR 2 6 2018

_/s/ R.L. Steele_
GWINNETT COUNTY TAX COMMISSIONER

008014                                    015949

LAW OFFICES
# LEON VAN GELDEREN, P.C.
SUITE 300
2300 HENDERSON MILL ROAD
ATLANTA, GEORGIA 30345

Telephone 770.392.9006

Facsimile 770.392.2090

lvgpc@lvglaw.com
*(office email)*

Leon@lvglaw.com
*(direct email)*

August 20, 2018

Howard P. Slomka, Esq.
Slipakoff and Slomka PC
Overlook III - Suite#1700
2859 Paces Ferry Rd. SE
Atlanta, GA 30339

RE:   Solid Estate Investments, LLC / Chapter 11
      US Bankruptcy Court Northern District of Georgia Case No. 17-723445-pwb

Dear Howie:

Below is an updated spreadsheet reflecting the new monthly payment and amounts owed by Solid Estate Investments, LLC for each of the (8) properties. These new payments are effective January 1, 2019 and have been calculated, as allowed by the Security Deed, to cover increases in 2018 taxes based on bills now issued. Please have your client remit the shortages along with September payments.

| 2018 Property Tax | Escrow - current | | 11 Pmts | Shortage | New Escrow - 2019 |
|---|---|---|---|---|---|
| $ 2,143.78 | $146.00 | CastleGate | $1,606.00 | -$537.78 | $ 178.65 |
| $ 1,870.50 | $143.33 | Centerville | $1,576.63 | -$293.87 | $ 155.88 |
| $ 1,773.76 | $139.42 | ArdenWay | $1,533.62 | -$240.14 | $ 147.81 |
| $ 2,412.05 | $157.73 | Tahoe | $1,735.03 | -$677.02 | $ 201.00 |
| $ 1,873.93 | $107.53 | Heritage | $1,182.83 | -$691.10 | $ 156.16 |
| $ 1,784.27 | $139.23 | Cumberland | $1,531.53 | -$252.74 | $ 148.69 |
| $ 2,408.26 | $199.76 | Landgraf | $2,197.36 | -$210.90 | $ 200.69 |
| $ 1,995.18 | $148.95 | S. Hairston | $1,638.45 | -$356.73 | $ 166.27 |

Sincerely,

LEON VAN GELDEREN, P.C.

Leon Van Gelderen

LVG/cdm
cc:   Robert Tsai

EXHIBIT "B"

**PAYMENT RECEIPT**
Department of Property Tax
Richard Steele
75 Langley Dr
Lawrenceville, GA 30046
770-822-8800
www.GwinnettTaxCommissioner.com

**gwinnett**county
tax commissioner's office

Page 1 of 1

| Receipt Number: | U18.13084 |
| Date Received: | 10/05/2018 |
| Received By: | txccrame |
| Location: | GJAC |

| Description | Balance | Net Tax | Interest | Fees/Late Charges | Current Due | Current Paid | Balance Remaining |
|---|---|---|---|---|---|---|---|
| Bill Number: 23478128<br>Bill Year: 2018<br>PIN: R6173 059<br>Primary Owner: SOLID ESTATE INVESTMENTS LLC<br>Property Addr: 1010 TAHOE TRL<br>Property Desc: L12 BA INDIAN SPRINGS #4 | 2,412.05 | 2,412.05 | 0.00 | 0.00 | 2,412.05 | 2,412.05 | 0.00 |
| **Totals:** | 2,412.05 | 2,412.05 | 0.00 | 0.00 | 2,412.05 | 2,412.05 | 0.00 |

**Tender Information:**

| | | Charge Summary: | |
|---|---|---|---|
| Check #20276 | 2,412.05 | Real Property | 2,412.05 |
| Total Tendered | 2,412.05 | Total Charges | 2,412.05 |

Thank you for your payment. Payments made with a check, credit or debit card are pending transactions. Your taxes will be considered paid when the funds are received from your financial institution. If there is a balance remaining, the amount due is good only for the date on this receipt. Additional fees and interest may be added to any unpaid balance; call 770-822-8800 for total amount due.

**By Whom Paid:**

GOLDEN HARVEST REALTY LLC
1103 PROMONTORY DR
MARIETTA GA 30062

| CHARGES | 2,412.05 |
| PAID | 2,412.05 |
| BALANCE REMAINING | 0.00 |
| AMOUNT TENDERED | 2,412.05 |
| CHANGE | 0.00 |



Front:

GOLDEN HARVEST REALTY LLC
1103 PROMONTORY DRIVE
MARIETTA, GA 30062

20276
64-7246-2612

9/10 20 18

Pay to the order of Gwinnett County Tax Commissioner  $2412.05

Twenty-four hundred twelve & 05/100 only — Dollars

GEMC FEDERAL CREDIT UNION
TUCKER, GEORGIA 30084

For R 617305 9 - 2018

Back:

ENDORSE HERE
For Deposit Only
Wells Fargo Bank
GCGTC20000035185613
18100581000029920300130

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

10/5/2018 4:55:16 PM
18100581000029927

ORIGINAL DOCUMENT

The security features listed below, as well as those not listed, exceed industry guidelines.

Security Features:
MicroPrint Line — MP Small type in line appears as dotted line when photocopied
Chemically Sensitive Paper — Stains or spots may appear with chemical alteration
Security Screen — Absence of "Original Document" verbiage on back of check

Padlock design is a certification mark of the Check Payment Systems Association
FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

LAW OFFICES
# LEON VAN GELDEREN, P.C.
SUITE 300
2300 HENDERSON MILL ROAD, NE
ATLANTA, GEORGIA 30345



Telephone 770.392.9006

Facsimile 770.392.2090

lvgpc@lvglaw.com
*(office email)*

Leon@lvglaw.com
*(direct email)*

November 16, 2017

**Via Certified Mail**
**#7017 1070 0001 1686 9268 RRR**
Mr. Allen Richardson
Solid Estate Investments, LLC
4164 Creek Stone Court
Stone Mountain, GA  30083-4202

RE:  **Notice of Foreclosure Sale Enclosed**
Property:  1010 Tahoe Trail, NW, Lilburn, Georgia
Loan held by Golden Harvest Realty, LLC

Dear Mr. Richardson:

My client, Golden Harvest Realty, LLC, is the holder of the note and security deed on the above referenced property.  You have failed to pay all arrearages as required under the note and security deed.  There is currently a balance of $3,868.59 now due.  The loan has been delinquent since July 2017.

Our law firm has been employed to begin foreclosure proceedings against the referenced property immediately.  Enclosed is the notice of foreclosure, which after advertisement will provide for public sale of the property on the first Tuesday in January 2018 before the courthouse door in Gwinnett County.

The monthly payments have not been paid as they fell due on the referenced note as well as other possible defaults under the Security Deed including your failure to maintain the property, and accordingly, the entire amount of the outstanding balance of principal and interest of the loan will be declared immediately due and payable along with all costs to date if not reinstated before foreclosure.  The outstanding costs now due are as follows:

| | |
|---|---|
| Attorneys Fees | $    300.00 |
| Advertising Fees | $    150.00 |
| Title Examination | $    150.00 |
| Gwinnett County Taxes (2016) | $ 2,448.74 |
| Gwinnett County Taxes (2017) | $ 1,913.97 |
| Payments | $ 3,868.59 |
| Total Outstanding | $ 8,831.30 |

EXHIBIT "C"

**LEON VAN GELDEREN, P.C.**
Solid Estate Investments, LLC
November 16, 2017
Page 2 of 2

    Under any circumstance, the holder will no longer accept payments from you other than **$8,831.30** as stated above. Be advised that your promissory note allows Golden Harvest Realty, LLC to require reimbursement of all costs and expenses in enforcing this Note, including reasonable attorneys' fees. This amount, and not the amounts for attorneys' fees stated above, will be the amount due along with the entire loan balance if the loan has not been reinstated by December 20, 2017. Be governed accordingly.

    Unless you notify this office within thirty (30) days from the date of this letter that the validity of this debt, or any portion of it, is disputed, we will assume the debt is valid. If you do notify us of a dispute, we will obtain written verification of the debt and mail it to you. This letter is an attempt to collect the debt; any information obtained will be used for that purpose. Your prompt attention to this matter would be greatly appreciated and will protect your credit history.

Sincerely,

**LEON VAN GELDEREN, P.C.**

Leon Van Gelderen

LVG/cdm
Enclosure(s)
cc:   Robert Tsai

## NOTICE OF SALE UNDER POWER

Georgia, Gwinnett County

By virtue of the power of sale contained in a Deed to Secure Debt from Solid Estate Investments, LLC to Golden Harvest Realty, LLC dated April 29, 2016, and recorded at Deed Book 54294, Page 439, Gwinnett County Records, in the amount of One Hundred Six Thousand Four Hundred and 00/100 Dollars ($106,400.00) there will be sold by the undersigned at public outcry to the highest bidder for cash before the courthouse door of Gwinnett County, Georgia, during the legal hours of sale on the first Tuesday in January 2018, the following described property, to wit:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 173 OF THE 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 12, BLOCK A, INDIAN SPRINGS SUBDIVISION, UNIT FOUR, AS PER PLAT RECORDED IN PLAT BOOK 10, PAGE 190, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION. SAID PROPERTY BEING KNOWN AS 1010 TAHOE TRAIL ACCORDING TO THE PRESENT SYSTEM OF NUMBERING PROPERTY IN GWINNETT COUNTY, GEORGIA.

> Subject property known as: 1010 Tahoe Trail, NW, Lilburn, Georgia 30047
> Property Tax ID #R6173 059

The debt secured by said instrument having been declared due because of default in payment, this sale will be made for the purpose of paying said debts and all expenses of this sale, including attorney's fees, notice having been given. This property will be sold as the property of Solid Estate Investments, LLC and is subject to any outstanding mortgage and any outstanding taxes, easements, and assessments appearing of record. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ALL INFORMATION WILL BE USED FOR THAT PURPOSE.

Golden Harvest Realty, LLC as attorney in fact for Solid Estate Investments, LLC.

**LEON VAN GELDEREN, ESQ.**
**Suite 300**
**2300 Henderson Mill Rd.**
**Atlanta, Georgia 30345**
**(770) 392-9006**
lvgpc@lvglaw.com

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Tahoe TKI

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage
$

Sent To: Mr. Allen Richardson
Solid Estate Investments, LLC
Street and Apt.: 4164 Creek Stone Court
City, State, ZIP: Stone Mountain, GA  30083-4202

Article Number: 7017 1070 0001 1686 9268

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Allen Richardson
Solid Estate Investments, LLC
4164 Creek Stone Court
Stone Mountain, GA  30083-4202

9590 9402 3176 7166 6796 14

2. Article Number (Transfer from service label)
7017 1070 0001 1686 9268

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

BK54294 PG0439

Return Recorded Document to:
Ohlson & Medlock LLC
3867 Holcomb Bridge Rd, Suite 500
Norcross, 30092
File #: OM16.706

GEORGIA INTANGIBLE TAX PAID
$ 319.50
RICHARD T. ALEXANDER, JR.
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

2016 MAY 19 PM 2:00
RICHARD ALEXANDER, CLERK
FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

--------Space Above This Line For Recording Data--------

## SECURITY DEED

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated **April 29, 2016**, together with all Riders to this document.
(B) "**Borrower**" is **Solid Estate Investments, LLC**. Borrower is the grantor under this Security Instrument.
(C) "**Lender**" is **Golden Harvest Realty, L.L.C.**. Lender is a corporation organized and existing under the laws of GA Lender's address is **1103 Promontory Drive, Marietta, GA 30062**. Lender is the grantee under this Security Instrument
  (D) "**Note**" means the promissory note signed by Borrower and dated **April 29, 2016**. The Note states that Borrower owes Lender **One Hundred Six Thousand Four Hundred and 00/100 Dollars (U.S.$106,400.00)** plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **May 1, 2046**

(E) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

Page 1 of 14

0042251

1010 Tahoe Trail, NW

EXHIBIT "D"

BK54294 PG0440

(G) "Riders" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower:

( ) Exhibit A Legal Description  ( X ) Borrowers Waiver of Rights
( ) Adjustable Rate Rider        ( ) Condominium Rider
( ) Balloon Rider                ( ) Planned Unit Development Rider   ( ) Second Home Rider
( ) 1-4 Family rider             ( ) Biweekly Payment Rider           ( ) Other(s)

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U S C Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of **Gwinnett**, State of **Georgia**, and being more particularly described as follows:

Page 2 of 14

BK54294 PG0441

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 173 OF THE 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 12, BLOCK A, INDIAN SPRINGS SUBDIVISION, UNIT FOUR, AS PER PLAT RECORDED IN PLAT BOOK 10, PAGE 190, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION. SAID PROPERTY BEING KNOWN AS 1010 TAHOE TRAIL ACCORDING TO THE PRESENT SYSTEM OF NUMBERING PROPERTY IN GWINNETT COUNTY, GEORGIA.

which currently has the address of: 1010 Tahoe Trail NW, Lilburn, GA 30039

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and nonuniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U S currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim

Page 3 of 14

BK54294 PG0452

person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

25. **Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

26. **Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Solid Estate Investments LLC

_____ (Seal)
By Allen Richardson, Member          -Borrower

_____ (Seal)
By Darren Dancil, Member             -Borrower

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public

[Notary Seal: TAMARA Y AULOVA, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES OCTOBER 18, 2019]

_____ Space Below This Line For Acknowledgement _____

Page 14 of 14

BK54294 PG0453

## EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 173 OF THE 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 12, BLOCK A, INDIAN SPRINGS SUBDIVISION, UNIT FOUR, AS PER PLAT RECORDED IN PLAT BOOK 10, PAGE 190, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION. SAID PROPERTY BEING KNOWN AS 1010 TAHOETRAIL ACCORDING TO THE PRESENT SYSTEM OF NUMBERING PROPERTY IN GWINNETT COUNTY, GEORGIA.